UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEFERTITI GUNNS,
Plaintiff,
v.
THE GEO GROUP, INC.,
Defendant.

Case No. 3:26-cv-09221-JSC

**ORDER RE: MOTION TO REMAND**

Re: Dkt. No. 14

Nefertiti Gunns filed this putative class action under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1682 in the Alameda County Superior Court. Defendants removed the action to federal court based on federal question jurisdiction. (Dkt. No. 1 at ¶ 11.) Defendants then moved to dismiss for failure to state a claim and Plaintiff moved to remand for lack of Article III standing. (Dkt. Nos. 13, 14.) A week later, Plaintiff filed an Amended Complaint as of right naming only the Geo Group, Inc., and Geo Group withdrew its motion to dismiss and filed an opposition to the motion to remand. (Dkt. Nos. 14, 17, 18.) It also moved to dismiss the Amended Complaint. (Dkt. No 20.) After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the October 15, 2026 hearing, GRANTS the motion to remand and DENIES the motion to dismiss as moot.

**DISCUSSION**

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States

Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id*. (citations omitted). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Braunstein v. Arizona Dep't of Transp*., 683 F.3d 1177, 1184 (9th Cir. 2012) (citations omitted). Article III standing can be raised any time including sua sponte by the court. *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009).

To establish a plaintiff's standing sufficient to satisfy constitutional requirements, the party asserting federal jurisdiction "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). In a putative class action, at least one named plaintiff must have Article III standing. *See Healy v. Milliman, Inc*., 164 F.4th 701, 706 (9th Cir. 2026).

As a threshold matter, Defendant argues the Court should determine removability based on the complaint as it was pled when Defendant removed the case to federal court, not the subsequently filed First Amended Complaint. (*Compare* Dkt. No. 1-1 *with* Dkt. No. 15.) Not so. "The plaintiff is the master of the complaint, and therefore controls much about her suit. She gets to determine which substantive claims to bring against which defendants. And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (cleaned up). When a plaintiff removes the basis for federal jurisdiction from her complaint, that plaintiff "alter[s] a federal court's authority." *Id*. at 39. *Royal Canin* requires courts to "look to the operative complaint, including any post-removal amendments, when determining jurisdiction. And if the federal jurisdictional hook is excised from the complaint by post-removal amendment, subject matter jurisdiction is lacking, and the case should be remanded." *Faulk v. JELD-WEN, Inc*., 159 F.4th 618, 622 (9th Cir. 2025); *see also id.* at 620 (holding "*Royal Canin* overruled our prior precedent holding that post removal

amendments do not undermine federal jurisdiction"). Thus, as relevant here, whether Plaintiff has Article III standing turns on the First Amended Complaint allegations.

In her First Amended Complaint, Plaintiff brings a single FCRA claim for failure to make proper disclosures under 15 U.S.C. § 1681b(b)(2)(A). (First Amended Complaint, Dkt. No. 15.) She alleges "as a condition of employment, Plaintiff was required to complete and sign onboarding documents, including a consumer report disclosure and authorization form permitting Defendants to obtain a consumer report for employment purposes." (*Id.* at ¶ 21.) The forms Defendants provided "contained information beyond the disclosure permitted by the [FCRA] including fields requiring Plaintiff to provide personal identifying information, such as a Social Security number, date of birth, driver's license number, and home address, thereby depriving the disclosure of its required standalone format." (*Id*. at ¶ 22.) "By including extraneous information in the disclosure and authorization form, Defendants failed to provide Plaintiff and the putative class with a clear, conspicuous, and standalone disclosure, as required by the FCRA." (*Id*. at ¶ 24.) Plaintiff seeks statutory and/or punitive damages, as well as injunctive and equitable relief. (*Id*. at ¶ 38.)

A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). As such, "mere procedural violations of the FCRA's requirements for consumer reports cannot establish concrete injury and confer Article III standing." *Masuda v. Lucile Salter Packard Children's Hosp. at Stanford*, No. 20-CV-09389-BLF, 2021 WL 4305979, at *3 (N.D. Cal. Sept. 22, 2021) (collecting cases).

Plaintiff alleges such a bare procedural violation here. She does not allege she was confused by Defendant's disclosure or that she was in some way injured by the disclosures. Rather, she alleges Defendant's disclosure and authorization form included "extraneous information" and thus violated the FCRA. (Dkt. No. 15 at ¶ 24.) Defendant's insistence that Plaintiff's allegation she "signed defective disclosure and authorization forms during [her] onboarding" "supports an inference she was denied information to which she claims she was entitled and therefore, consistent with her original allegations of actual damages, suffered a

United States District Court
Northern District of California

concrete injury sufficient to confer Article III standing" is unpersuasive. (Dkt. No. 18 at 2.) Plaintiff has specifically elected, as is her right, to omit any allegations of actual injury, instead seeking only statutory damages. *See, e.g., Masuda*, 2021 WL 4305979, at *3 (concluding the plaintiff alleged a mere procedural violation and remanding nearly identical FCRA claim alleging "the failure to obtain proper authorization and distribution of forms that contained superfluous and extraneous language, omitted required summaries of rights and the law, and failed to separate content into required standalone documents.").

Defendants' reliance on *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), is likewise unpersuasive. *Syed* did not hold any FCRA disclosure violation gives rise to Article III standing as Defendant suggests. Instead, when the allegations are sufficient to support an inference the statutory violation caused actual confusion and the plaintiff would not have authorized the consumer report had the disclosure been presented properly, the allegations may be sufficient to support a concrete injury. *Syed*, 853 F.3d at 499–500 (holding the complaint plausibly supported an inference he "was not aware that he was signing a waiver authorizing the credit check when he signed it" and that he "was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained sufficiently clear disclosure").[1] But when, as here, the allegations support only an inference of a bare procedural violation of Section 1681b(b)(2)(A)'s requirements that a disclosure be standalone, clear and conspicuous, Article III standing is not satisfied. *Williams v. Nichols Demos, Inc.*, No. 17-cv-07101-EJD, 2018 WL 3046507, at *4 (N.D. Cal. June 20, 2018) (collecting cases in which district courts concluded the plaintiffs' allegations of bare procedural violations of FCRA to be insufficient to confer Article III standing where those claims were based on alleged violations of FCRA's standalone disclosure requirement).

Accordingly, as Defendant has not met its burden of demonstrating Article III standing, this action must be remanded for lack of subject matter jurisdiction.

[1] *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022), is similarly inapposite as there the plaintiffs alleged a concrete injury because "they alleged that without complete information in their § 1681g disclosures, they are unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of their credit information."

United States District Court
Northern District of California

**CONCLUSION**

Accordingly, Plaintiff's motion to remand for lack of subject matter jurisdiction is GRANTED. *See* 28 U.S.C. § 1447(c) (a case removed to federal court must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."). Defendant's motion to dismiss is DENIED AS MOOT. (Dkt. No. 20.) This action is REMANDED to the Alameda County Superior Court.

This Order disposes of Docket Nos. 14, 20, 21.

**IT IS SO ORDERED.**

Dated: October 8, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge